**Opinion issued February 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01065-CR

————————————

**JESSE JAMES ARIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1505697**

## MEMORANDUM OPINION

Appellant, Jesse James Arias, pleaded guilty to the first-degree felony offense

of aggravated sexual assault of a child—under fourteen years.[1]  In exchange for

---

[1]  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (a)(2)(B), (e) (West 2011).

appellant's plea, the State agreed to reduce the charge from the first-degree felony offense of continuous sexual abuse of a child, to dismiss a pending charge of indecency with a child, and to recommend punishment of ten years' confinement.[2] In accordance with his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at ten years' confinement on October 29, 2018. The trial court certified that this was a plea-bargained case and that appellant had no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a pro se notice of appeal and was appointed new counsel.[3] *See* TEX. R. APP. P. 26.2(a)(1). We dismiss this appeal for want of jurisdiction.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

---

[2]    *See* TEX. PENAL CODE ANN. §§ 12.32(a), 21.02(b), (h) (West 2011).

[3]    On December 10, 2018, the trial court signed an entry of judgment nunc pro tunc to correct the offense on the judgment to aggravated sexual assault of a child—under fourteen years, to accurately reflect the plea agreement. On February 4, 2019, appellant's counsel filed a letter stating that this Court lacks jurisdiction because the certification states that appellant has no right of appeal.

Here, the trial court's certification stated that this was a plea-bargained case and that appellant had no right of appeal, and the trial court did not give its permission to appeal any matters. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's record, filed in this Court including the plea waiver, supports the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).